UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

J&R MULTIFAMILY GROUP, LTD.,
    *Plaintiff,*

-against-                                     1:19-cv-1878 (PKC)

UBS REAL ESTATE SECURITIES, INC., U.S.
BANK, N.A., AS TRUSTEE FOR THE
REGISTERED HOLDERS OF UBS-BARCLAYS
COMMERCIAL MORTGAGE TRUST 2012-C4,
COMMERCIAL MORTGAGE PASS-THROUGH
CERTIFICATES, SERIES 2012-C4,
WELLS FARGO BANK, N.A. D/B/A WELLS
FARGO COMMERCIAL MORTGAGE
SERVICING, AND RIALTO CAPITAL
ADVISORS, LLC,
    *Defendants.*

## PLAINTIFF'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL RECONSIDERATION AND RE-ARGUMENT OF DECEMBER 5, 2019 ODER

Plaintiff J&R Multifamily Group, Ltd. ("**J&R**") respectfully seeks reconsideration of this Court's December 5, 2019 Opinion and Order (the "**Order**") with respect to the dismissal of the "Monthly Statement Theory of Fraud" insofar as the Court failed to consider that J&R adequately pled reliance on Defendants' monthly statements as a factor in Plaintiff's decision to continue its lending relationship with Defendants and not cure the alleged defaults earlier or terminate the loan. In opposition to Plaintiff's Motion for Reconsideration ("**Motion**"), Defendants grossly mischaracterize Plaintiff's Fourth Amended Complaint in an attempt to obfuscate Plaintiff's actual allegations to avoid addressing Plaintiff's arguments regarding the element of reliance. Accordingly, J&R requests that the Court reconsider its Order and vacate its ruling on Defendants' Motion to Dismiss, in part. Additionally, Plaintiff requests the opportunity to replead to cure the deficiencies raised by the Court on all counts. Particularly, Plaintiff seeks the opportunity to clarify

1

its statement that it would have "likely sold" the property had Plaintiff not relied on Defendants' misrepresentations regarding the default status of Plaintiff's loan.

In response to Plaintiff's Motion for Reconsideration, Defendants' opposition motion is rife with mischaracterizations of Plaintiff's pleadings and arguments. For example, in response to Plaintiff's argument that reliance can be inferred upon the same type of circumstantial evidence alleged in the pleadings, Defendants re-characterized Plaintiff's pleadings through their own interpretation of the facts and avoided Plaintiff's legal arguments by stating that the allegations show "Rialto decided to sell the property, market the property, requested a payoff statement from Rialto, and then *received a payoff statement* from Rialto showing default interest." Defendants' argument misses the point.

Plaintiff's argument instead focuses on the fact that it would have sold the property once it knew Defendants asserted a default and intended to charge default interest. Defendants seem to suggest the sale of this property had nothing at all to do with their actions. This is simply untrue. Defendants notified Plaintiff of the loan transferring to special servicing (thereby suggesting the lender believed the loan to be imminently in default and intended to foreclose), sent a default notice (again suggesting the lender intended to foreclose), engaged counsel, sent more letters, and only then sent Plaintiff the fraudulent payoff statement. In other words, Plaintiff correctly stated that it knew of Defendants' assessment of default prior to deciding to sell the property. Plaintiff just did not know that Defendants intended to assert multiple years of retroactive default interest.

Similarly, Defendants mischaracterize Plaintiff's entire argument by stating "Borrower's argument in Section B seems to be that Borrower should have been allowed to replead reliance by reference to pre-existing contractual duties under its loan documents." Rather, Plaintiff's Motion for Reconsideration makes clear that, while the Court is correct that the underlying Loan

Agreement obligated Plaintiff to repair the property and bear the cost of default interest, the Court failed to consider that, had Defendants not misrepresented Plaintiff's default status for years, Plaintiff could have cured the default or terminated the loan before accruing $1.4 million dollars in default interest over several years, and thus avoid incurring the damages it seeks in this case. In other words, while this Court is correct that Plaintiff is obligated to bear default interest, it is not obligated to bear a specific amount or degree of default interest. Clearly, Plaintiff did not owe a pre-existing contractual duty to 1) pay Defendants $1.4 million dollars in default interest, a position that is in itself a fraudulent misrepresentation, or 2) repair the property if it decided to pay off the loan earlier through a sale or refinance. Defendants' misrepresentations robbed Plaintiff of its opportunity to reduce the amount of default interest it would have owed and avoid incurring substantial damages as a result.

Defendants also argue that "[i]f there is any modification that might reasonably be made to the Court's Order, it would be to Borrower's detriment." Defendants go on to essentially propound its own new argument for reconsideration, bypassing the Court's procedural deadline and requirements for such an ill-conceived argument. As Defendants' argument is not in opposition to Plaintiff's Motion, it should not be taken into this Court's consideration.

Lastly, Defendants argue that the Court considered that Plaintiff relied on the monthly statements as a factor in Plaintiff's decision to continue its lending relationship with Defendants and not cure the alleged defaults earlier or terminate the loan when the Court noted that Plaintiff alleged it would have "likely sold" the property had it known about the allegation of default earlier. For clarification, Plaintiff's argument is that it lost its opportunity to act earlier upon reliance on Defendants' fraudulent monthly statements and avoid further damages. While Plaintiff feels its pleadings are sufficient, if it pleases the Court, Plaintiff seeks the opportunity to replead and clarify

3

its pleadings to say, had Plaintiff known Defendants' monthly statements were misrepresentations, it would have sold the property or made other attempts to mitigate its damages much earlier.

In dismissing Plaintiff's Complaint, Defendants will be allowed to continue their predatory lending tactics of using blatant misrepresentations to deprive their own customers and consumers of their right to mitigate their damages, particularly where such borrowers are in a significantly disadvantaged position in terms of access to information, experience, and control. For this, and the other reasons outlined in Plaintiff's Motion for Reconsideration and this reply memorandum, Plaintiff's Motion should be granted.

Dated: January 9, 2020

**HURWITZ & FINE, P.C.**
Lee S. Siegel
lss@hurwitzfine.com
535 Broad Hollow Road, Suite A-7
Melville, New York 11747
Phone: (860) 869-0375
Fax: (631) 465-0313

-and-

**CHAMBERLAIN, HRDLICKA, WHITE, WILLIAMS & AUGHTRY, P.C.**
Christine Kirchner, *pro hac vice*
Jeff C. Wigginton, *pro hac vice*
c.kirchner@chamberlainlaw.com
jeff.wigginton@chamberlainlaw.com
1200 Smith Street, Suite 1400
Houston, Texas 77002
Phone: (713) 658-1818
Fax: (713) 658-2553

## CERTIFICATE OF SERVICE

   I certify that a correct copy of this Reply has been sent to counsel of record in this action by the Southern District of New York's ECF Filing system pursuant to Federal Rule of Civil Procedure 5 on January 9, 2020.

**Michael D. Pegues**
1000 Louisiana Street, 53rd Floor
Houston, TX 77002

**Brett D. Anders**
**Aaron C. Jackson**
900 West 48th Place, Suite 900
Kansas City, Missouri 64112

**Jason A. Nagi**
600 Third Avenue, 42nd Floor
New York, New York 10016

            */s/ Christine Kirchner*
            Christine Kirchner

3602417.v2

1